IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:17-cr-00238-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| FRANK DEFELICE, | |
| Defendant. | |

AIKEN, District Judge:

Before the Court is defendant Frank DeFelice's Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No 107. For the reasons explained, the Court DENIES Defendant's Motion (ECF No. 107).

## STANDARDS

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Compassionate release under § 3582(c)(1)(A) provides an exception in rare

cases. With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion for compassionate release by a defendant:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction; [...]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant policy statement is found in the United States Sentencing Guidelines, § 1B1.13. The policy statement identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant, including "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" (B) the age of the defendant; (C) family circumstances; and (D) extraordinary and compelling reasons "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. 1(A)–(D). The policy statement also requires the court to find that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).

## DISCUSSION

On February 24, 2022, Defendant filed a motion seeking compassionate release based on his "significant underlying health concerns, his old age, and the time he has already served." ECF No. 107 at 5.

Defendant is serving a 100-month sentence at FCI Sheridan imposed on June 30, 2021, after he pleaded guilty to one count of unlawfully and knowingly possessing with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C § 841(a)(l) and 21 U.S.C. § 841(b)(l)(B)(viii). Defendant also pleaded guilty to one count of felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1). Defendant is 64 years old and has been in custody for the above offenses since January 2017. His projected release date is March 4, 2024.

Defendant reports that in February 2017 he was "treated for his latent tuberculosis infection (LTBI Prophy) while in custody at the Marion County and Lane County jails" and that "[h]e had another positive reading in October of 2017." ECF No. 107 at 6. Defendant explains that "[w]hile LTBI is not an active form of TB, there is a lifetime risk that LTBI progresses into active TB which is particularly significant for those adults near or over the age of 65." *Id.*

On June 16, 2021, Defendant was taken to the Willamette Valley Medical Center due to symptoms suggesting a COVID-19 infection. Def. Ex. 2 at 1. When Defendant's COVID-19 test came back negative, the treating physician ordered a chest x-ray, the result of which "[suggested] atypical infection such as COVID-19." Def. Ex. 3 at 15. Following treatment, Defendant reported that he "suffered from

numerous side effects of the COVID-19 pneumonia, such as difficulties with his memory, severe shortness of breath, and significant lung and chest pain when taking deep breaths." ECF No. 107 at 8, 16. Defendant reported that he received an oxygen ventilator after returning to prison. *Id*. at 8. He also received dexamethasone while in prison to treat symptoms. Def. Ex. 1 at 58. Defendant declined to take the COVID-19 vaccine and declined to take the Influenza vaccine. ECF No. 107 at 9. Defendant reports that he suffered mental health problems due to harsh lockdown conditions, noting that on four different days between July 2020 and June 2021 he had been "in quarantine." During that time, Defendant requested medication for anxiety. Def. Ex. 1 at 88. Defendant reports that he is 6 feet tall, and as of June 16, 2021 at the onset of his COVID-19 Pneumonia, he weighed 239 pounds, factors which the CDC has determined indicate obesity and which increase his risk for contracting COVID-19. ECF No. 107 at 10. Finally, Defendant cites to poor prison conditions, but because Defendant does not argue that he himself was subjected to those conditions, the Court declines to consider that argument, as it concerns parties not before the Court.

On this record, the Court cannot find extraordinary and compelling reasons to reduce Defendant's sentence. The record shows that the Bureau of Prisons provided oxygen when Defendant needed it and followed through with medicine for his post-COVID care. Currently, the medical records show that Defendant is receiving treatment, including medication refills for pain relief. Govt. Ex. 1 at 64-65. Nothing in Defendant's medical records indicate he has untreated or unresolved issues.

Defendant's risk factors of obesity and past diagnosis of tuberculosis does not change the analysis, because having a risk factor does not render circumstances "extraordinary and compelling." *See, e.g., United States v. Higgins*, 849 F. App'x 215 (9th Cir. 2021); *United States v. Dixon*, 848 F. App'x 332 (9th Cir. 2021); *United States v. Alvarado*, 841 F. App'x 31 (9th Cir. 2021); *see also United States v. Rennie*, No. 3:19-cr-00402-SI, 2021 WL 5053286, at *2 (D. Or. Nov. 1, 2021) (having a risk factor is not necessarily extraordinary and compelling).

Moreover, Defendant has a projected release date of March 2024 and has approximately 19 months remaining on his 100-month sentence, which the Court imposed shortly after Defendant presented to—and was released from—the hospital with COVID-19 symptoms. Given the serious nature and circumstances of Defendant's underlying offense, reducing Defendant's sentence to time-served would undermine the sentencing factors under 18 U.S.C. § 3553(a).

## CONCLUSION

Defendant's Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 107) is DENIED without prejudice.

IT IS SO ORDERED.

Dated this  10th  day of August 2022.

/s/Ann Aiken

Ann Aiken
United States District Judge